**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason C. MacKendrick, | No. CV-20-01656-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Jason C. MacKendrick's Applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits. Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief[1] (Doc. 19). Defendant SSA filed an Answering Brief (Doc. 22), and Plaintiff filed a Reply (Doc. 25). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 16), and it affirms the Administrative Law Judge's ("ALJ") decision (AR at 24-34) for the reasons addressed herein.

## I.    Background

---

[1] Both Plaintiff's Opening Brief and Reply Brief contain copious footnotes, a systemic problem of briefs filed in these matters. If the content contained in the footnotes was placed in the body of the document, Plaintiff's briefs would far exceed the page limit. For instance, an entire page in the Reply consists of a single-spaced footnote, which begins on the previous page. (Doc. 25 at 3-4). Counsel is cautioned on continuing this practice in the future. *See Kano v. Nat'l Consumer Coop. Bank,* 22 F.3d 899 (9th Cir.1994) (imposing sanctions on a party who violated briefing rules through improper line spacing and excessive footnotes).

Plaintiff filed an Application for Social Security Disability Insurance ("SSDI") benefits on August 5, 2016, and an Application for Supplemental Security Income ("SSI") benefits on September 8, 2017, both alleging a disability beginning on June 3, 2014. (AR 24). After state agency denials, Plaintiff requested a hearing. (*Id*.) A hearing was held before ALJ Ted W. Armbruster on May 16, 2019. (*Id.* at 44-88). Plaintiff was 46 years old at the time of the hearing. (*Id.*) Plaintiff's Application was denied in a decision by the ALJ on July 22, 2019. (*Id*. at 34). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe mental impairments of mood disorder, bipolar disorder, schizoaffective disorder, schizophrenia spectrum disorder, anxiety disorder, depressive disorder with anxious distress and psychosis. (AR 26). While the ALJ noted that Plaintiff's severe impairments limited his ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work and thus was not disabled. (*Id.* at 34).

Plaintiff argues that the ALJ erred in failing to give controlling weight to the opinion of his nurse practitioner, and in giving only partial weight to the assessment of a state agency examining psychologist. Additionally, Plaintiff argues the ALJ erred in failing to give clear and convincing reasons to discount his subjective symptom testimony. (Doc. 19).

## II.     Legal Standards

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the

1   ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947,

2   954 (9th Cir. 2002) (citations omitted).  Whether the Commissioner's decision is supported

3   by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r*

4   *of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009).  In determining whether to reverse an ALJ's

5   decision, the district court reviews only those issues raised by the party challenging the

6   decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

7        To determine whether a claimant is disabled for purposes of the Act, the ALJ

8   follows a five-step process.  20 C.F.R. § 404.1520(a).  The claimant bears the burden of

9   proof on the first four steps, but the burden shifts to the Commissioner at step five.  *Tackett*

10  *v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  At the first step, the ALJ determines whether

11  the claimant is presently engaging in substantial gainful activity.    20 C.F.R.

12  §404.1520(a)(4)(i).  At step two, the ALJ determines whether the claimant has a "severe"

13  medically determinable physical or mental impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  At

14  step three, the ALJ considers whether the claimant's impairment or combination of

15  impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P

16  of 20 C.F.R. Part 404.  20 C.F.R. § 404.1520(a)(4)(iii).  If so, the claimant is automatically

17  found to be disabled.  *Id.*  At step four, the ALJ assesses the claimant's RFC and determines

18  whether the claimant is still capable of performing past relevant work.    20 C.F.R.

19  § 404.1520(a)(4)(iv).  If not, the ALJ proceeds to the fifth and final step, where she

20  determines whether the claimant can perform any other work in the national economy

21  based on the claimant's RFC, age, education, and work experience.    20 C.F.R.

22  § 404.1520(a)(4)(v).  If not, the claimant is disabled.  *Id.*

23  **III.    Analysis**

24        Plaintiff argues that the ALJ erred in failing to give germane reasons to reject the

25  opinions of nurse Debora Watson, in giving little weight to the opinion of examining

26  psychologist Dr. Rabara, Psy.D., and in failing to give clear and convincing reasons to

27  discount Plaintiff's subjective symptom testimony.  (Doc. 19).  He contends his case should

28  be remanded for an award of benefits.  *Id.*  The decision of the Commissioner is affirmed.

As an initial matter, new regulations for examining medical opinion evidence went into effect for cases filed after March 27, 2017. *See* 20 C.F.R. § 416.920c. While Plaintiff filed his SSDI Application before the changes took effect, his SSI Application was filed after the new regulations were in effect. The parties agree that the ALJ properly applied the pre-March 2017 regulations to this case, and the Court will analyze the ALJ's opinion under those regulations. (Docs. 19, 22, and 25).

**A.    The ALJ provided germane reasons for giving minimal weight to the opinion of Debora Watson, P.M.H.N.P.-B.C. ("Nurse Watson")**

Plaintiff argues that the ALJ erred in rejecting Nurse Watson's opinions without providing germane reasons for doing so. (Doc. 19 at 15-17). The Commissioner argues that the ALJ provided sufficient reasons for giving Nurse Watson's opinion little weight. (Doc. 22).

By definition in the regulations that govern this case, a nurse practitioner is not an "acceptable" medical source, but rather is an "other source" opinion. *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017). Thus, to reject the opinion of a nurse practitioner, the ALJ only need provide "germane" reasons for doing so. *Id.* at 906; *see also* 20 C.F.R. § 406.913(a) (defining acceptable medical sources as licensed physicians and psychologists), 416.913(d) (defining other sources as medical professionals not listed in subsection (a)); *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (per curiam) (ALJ need only give germane reasons to reject an "other source" opinion).

In January 2017, Nurse Watson completed a "check-box" assessment of Plaintiff's ability to perform work-related activities. (AR 542-44). Nurse Watson opined that Plaintiff had marked limitations in his ability to maintain concentration and attention, to perform activities within a schedule and maintain regular attendance, to sustain an ordinary routine without special supervision, and to complete a normal work week without interruptions. (*Id.*)

In giving this opinion little weight, the ALJ noted that the check-box opinions of Nurse Watson did not provide any explanations. (AR 31). This was not an improper

observation.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (discounting of treating physician's opinion proper "because it was in the form of a checklist, did not have supportive objective evidence, was contradicted by other statements and assessments of [plaintiff's] medical condition, and was based on [plaintiff's] subjective descriptions of pain").

Additionally, the ALJ noted that Plaintiff's own reports to Nurse Watson were not as extreme as the limitations expressed by Watson.  For instance, while Nurse Watson opined to extreme limitations in all functional areas, Plaintiff reported to her that he had no anxiety while at home, and that his racing thoughts were controlled by medications.  (*Id.* at 31; citing AR 691).  The ALJ also found that Nurse Watson's own mental status examinations of Plaintiff contradicted her findings of extreme limitations.  For instance, Watson's notes of the results from her examinations indicate that Plaintiff demonstrated good insight, good memory and judgment, fair to good concentration, and logical thoughts and associations.  (*Id.*; citing AR 688, 690, 692, 696).  These are all germane reasons for the ALJ to consider.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ need only give germane reasons for discrediting the testimony of lay witnesses . . . Inconsistency with medical evidence is one such reason.").

Additionally, Plaintiff argues that it was error for the ALJ to refer to the fact that Nurse Watson treated Plaintiff via tele-medicine visits, rather than in person.  While the ALJ does not state that this factored into his decision to give this opinion little weight, any error here is harmless as the ALJ stated numerous germane reasons to give the opinion little weight.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (holding that ALJ's reliance on invalid reasons to discredit testimony constituted harmless error where ALJ had also relied on valid reasons).

The Court finds that the ALJ provided germane reasons for giving little weight to this opinion.  The ALJ did not err here.

**B.  The ALJ provided specific and legitimate reasons for giving partial weight to the opinion of examining psychologist, Dr. Michael Rabara, Psy.D.**

Plaintiff argues that the ALJ did not provide adequate reasons to "reject" the opinion of Dr. Rabara, an examining physician hired by the agency.  Plaintiff complains that the ALJ's discussion is "sparse" and thus not specific and legitimate.  (Doc. 19 at 14).

The medical opinions of three types of medical sources are recognized in Social Security cases: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians)."  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996).  When examining doctors "provide independent clinical findings that differ from the findings of the treating physician, such findings are themselves 'substantial evidence.'"  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007) (*quoting Orn*, 495 F.3d 625, 632) (other citations omitted).  "As is the case with the opinion of a treating physician, the Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician."  *Lester*, 81 F.3d at 830–31.  "And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."  *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

An ALJ meets the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725).  This means that an ALJ must "do more than state conclusions."  *Id.*  Rather, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct."  (*Id.*).  The Ninth Circuit requires this exacting standard "because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'"  (*Id.*) (*quoting Orn*, 495 F.3d at 633).

Dr. Rabara conducted an examination of Plaintiff and thereafter opined that Plaintiff would have difficulty following detailed procedures, could carry out simple instructions

1   and decision making but would have difficulty with detailed instructions, and would have

2   difficulty in sustaining concentration and working in coordination with others.  (AR 531-

3   39).

4          The ALJ gave this opinion "partial weight," finding that the opinions of extreme

5   limitations were not supported by Dr. Rabara's own examination findings.  (AR 31).  The

6   ALJ noted that Dr. Rabara's report stated that Plaintiff had no difficulty remaining on task

7   or sustaining concentration throughout the two- and one-half hour examination.  (*Id.*; citing

8   AR 536).  The ALJ found this observation to conflict with Dr. Rabara's conclusion that

9   Plaintiff was unable to sustain concentration.  Moreover, Dr. Rabara noted that at no point

10  during the examination was Plaintiff distracted, and he opined that Plaintiff's claims of

11  auditory hallucinations had atypical qualities.  (*Id.*).  Lastly, the ALJ noted Dr. Rabara's

12  finding that Plaintiff "was compliant with exam procedures, but he seemed at times to be

13  overemphasizing some struggles and limitations."  (AR 29; citing 535).

14         These are all specific and legitimate reasons for an ALJ to give partial weight to the

15  opinion of an examining physician.  Contrary to Plaintiff's argument that the ALJ provided

16  only sparse reasons to give this opinion partial weight, the ALJ's discussion of this opinion

17  was supported by substantial evidence, and specifically, the evidence of Dr. Rabara's own

18  observations.  Regardless of whether Plaintiff views the evidence of record in a different

19  light, the Court must defer to the ALJ where his interpretation of the evidence is rational.

20  *See Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational

21  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be

22  upheld.").  The ALJ did not err in his discussion of this opinion.

23

24    **C.**    **The ALJ provided specific, clear, and convincing reasons supported by
              substantial evidence for giving limited weight to Plaintiff's symptom
25            testimony**

26         Plaintiff argues that the ALJ did not give legitimate and convincing reasons

27  supported by substantial evidence for discounting his subjective symptom testimony.

28  (Doc. 19 at 21-24).  The Commissioner argues that the ALJ properly examined the medical

1   evidence to determine that the record did not support Plaintiff's testimony as to the severity

2   of his symptoms.  (Doc. 22).

3       An ALJ must evaluate whether the claimant has presented objective medical

4   evidence of an impairment "which could reasonably be expected to produce the pain or

5   symptoms alleged."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)

6   (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations

7   omitted)).  In evaluating a claimant's pain testimony after a claimant produces objective

8   medical evidence of an underlying impairment, "an ALJ may not reject a claimant's

9   subjective complaints based solely on a lack of medical evidence to fully corroborate the

10  alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).  However,

11  the ALJ may "reject the claimant's testimony about the severity of [the] symptoms"

12  provided that the ALJ also explains her decision "by providing specific, clear, and

13  convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir.

14  2015).  "Throughout the five-step evaluation, the ALJ is responsible for determining

15  credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Ford

16  v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020).

17      Here, Plaintiff testified that he was unable to sustain any employment due to his

18  mental health issues, namely, his difficulty concentrating, paranoia around others, and

19  auditory hallucinations.  (AR 44-88).  The ALJ found that Plaintiff's medically

20  determinable impairments could reasonably be expected to produce the symptoms alleged,

21  but that the statements concerning the intensity, persistence, and limiting effects of those

22  symptoms were not consistent with the medical evidence, including Plaintiff's own

23  statements.  (AR 29-31).

24      The ALJ set forth multiple specific reasons supported by substantial evidence for

25  discounting some of Plaintiff's subjective symptom statements.  (*Id.*)  The ALJ discussed

26  the Plaintiff's reports that he takes his medications as prescribed and does not have

27  significant side effects.  (AR 29).  With regard to Plaintiff's mental status exams, the ALJ

28  found that they were fairly unremarkable, including a score of 30 out of 30 on mini-mental

examinations, which is not indicative of any cognitive impairments.  (*Id.*; citing 1168).  The ALJ discussed numerous medical records noting Plaintiff's logical thoughts and associations, good insight, good judgment and memory, and fair-to-good concentration.  (*Id.*; citing 732, 739, 745, 756, 792, 800, 809, 906, 913, 922, 928, 937, 943, 948, 957, 1044, 1169).  The ALJ acknowledged that the medical record supported that Plaintiff had a waxing and waning mood, but Plaintiff stated he is used to it and has learned to live with it.  (*Id.*)

As to Plaintiff's activities of daily living, the ALJ found Plaintiff's acknowledged activities to be inconsistent with the allegations of severe impairment.  (AR 30).  For instance, Plaintiff testified that he enjoyed spending time with his children and taking them to sporting events, attending baseball games and going on walks with his father, and hanging out with friends.  Moreover, Plaintiff testified that he attended public church services every Sunday and had attended computer software classes.  (*Id.*; citing 683, 831, 833 1045, 1055, 1059).  And while the Court acknowledges that the ability to function in activities of daily living does not necessarily mean that a claimant will be able to sustain full-time employment, the level of Plaintiff's activity and ability to attend classes, go to baseball games, and attend public church services weekly supports the ALJ's conclusion that Plaintiff's symptoms are not as debilitating as alleged.  *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (rejection of claimant's symptom allegations is proper when the claimant's activities showed that she was "quite functional").

The ALJ included a thorough discussion of the evidence of record that he felt contradicted Plaintiff's testimony.  Based on the above, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not consistent with the medical evidence.  The ALJ properly concluded that the examinations in the medical record, and the Plaintiff's own testimony as to his activities, did not support Plaintiff's claims of disabling limitations, and therefore, properly found that his subjective symptom testimony was not entirely persuasive. *See Thomas*, 278 F.3d at 954 ("[w]here the evidence is susceptible to more than one rational interpretation, one

of which supports the ALJ's decision, the ALJ's conclusion must be upheld"); *see also Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1190 (9th Cir. 2004) ("the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). The Court finds that the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony. *See Brown-Hunter*, 806 F.3d at 488–89.

**IV.   Conclusion**

The Court finds that substantial evidence supports the ALJ's nondisability determination. The ALJ properly considered the medical and lay opinion evidence of record and properly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence. Therefore, the Court finds that the ALJ did not err in his decision, which is based on substantial evidence. *See Orn*, 495 F.3d at 630.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the ALJ is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 2nd day of February, 2022.

G. Murray Snow
Chief United States District Judge